Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ROHEL ROBERTO CASTRO MERCADO<br><br>RECURRIDO<br><br>V.<br><br>LINDA LIZ MARTÍNEZ ROMÁN<br><br>PETICIONARIA | KLCE202301362 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.:<br>E CU2019-0090<br><br>Sobre:<br><br>CUSTODIA COMPARTIDA |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de diciembre de 2023.

Comparece, Linda Liz Martínez Román, (en lo sucesivo, "la peticionaria"), mediante el auto de *certiorari* de epígrafe. Ello, a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 2 de noviembre de 2023, y notificada el 3 de noviembre de 2023, por el Tribunal de Primera Instancia, Sala de Caguas. Mediante el referido dictamen, el foro a quo, declaró *No Ha Lugar* la "*Moción Informativa y Solicitud De Que Se Encuentre Incurso En Desacato A Roher Roberto Castro Mercado Y Por No Cumplir Con Orden Del Tribunal Por Segunda Ocasión [sic] Bajo La Regla 34.2 De Las De Procedimiento Civil*," presentada por la peticionaria. Todo, dentro de un pleito civil sobre custodia compartida, el cual fue instado por el recurrido, Rohel Roberto Castro Mercado.

### I.

El origen de la controversia que nos ocupa se remonta al día 18 de enero de 2022. En la referida fecha, el Tribunal de Primera Instancia notificó una *Sentencia*. Ello, a los fines de otorgar a las partes de epígrafe la custodia compartida, por igual tiempo, del menor RRCM. Así las cosas,

Número Identificador
RES2023 _____

el 3 de mayo de 2023, el foro primario emitió una *Resolución y Orden Enmendada*. Mediante la misma, el tribunal recurrido adoptó el Informe Sobre Pensión Alimentaria Provisional, firmado el 17 de marzo de 2023 por la Examinadora de Pensiones Alimentarias. Consecuentemente, le impuso a la peticionaria el pago de $30.38 en concepto de pensión alimentaria provisional a favor del menor RRCM.

Luego de varias incidencias procesales que no son necesarias de pormenorizar, el 9 de octubre de 2023, la peticionaria, presentó una *Moción*. En su escrito arguyó, que el 26 de septiembre de 2023 solicitó infructuosamente al recurrido, por medio de un correo electrónico, la actualización de la Planilla de Información Personal y Económica, (en lo sucesivo, por sus sigas "PIPE"). Añadió, que han sido múltiples los requerimientos que le había realizado al recurrido para que entregara la referida actualización, y a pesar de ello no había recibido respuesta. Así pues, peticionó al foro de origen, que le ordenara al recurrido que presentara una PIPE actualizada.

En atención a la aludida petición, el 16 de octubre de 2023, el Tribunal de Primera Instancia, notificó una *Orden*. Mediante esta, le apercibió al recurrido que debía radicar una PIPE actualizada dentro de un término de veinticuatro (24) horas. Así las cosas, nuevamente el 17 de octubre de 2023, la peticionaria presentó un escrito intitulado *Moción*. En síntesis, en este escrito reiteró los planteamientos esbozados en su anterior petitorio. A la luz de lo anterior, solicitó la intervención del Tribunal a los efectos de que dicho foro volviera a requerirle al recurrido una PIPE actualizada.

Ante ello, el foro primario, emitió el 18 de octubre de 2023 y notificó el 25 de octubre de 2023 una *Orden*. Por medio de esta le ordenó nuevamente al recurrido que sometiera una PIPE actualizada. Además, le impuso una sanción de quinientos dólares ($500), debido al incumplimiento aducido por la peticionaria.

El 30 de octubre de 2023, la peticionaria, presentó escrito intitulado "*Moción Informativa y Solicitud De Que Se Encuentre Incursa En Desacato A Roher Roberto Castro Mercado Y Por No Cumplir Con Orden Del Tribunal Por Segunda Ocasión [sic] Bajo La Regla 34.2 De Las De Procedimiento Civil.*" Expresó, que el 25 de octubre de 2023 se celebró la vista de alimentos ante la Oficial Examinadora. Alegó, que en dicha vista los argumentos del recurrido consistieron en: atribuirle falta de cumplimiento en cuanto al requerimiento del descubrimiento de prueba que se había cursado, y en sostener que dicho descubrimiento de prueba había finalizado el 28 de julio de 2023. Por su parte, reafirmó su petición de una PIPE actualizada del recurrido, con la cual alegadamente continuaba sin cumplir. Consecuentemente, solicitó al foro de origen que le impusiese al recurrido honorarios de abogado por una cantidad de mil dólares ($1,000).

El 3 de noviembre de 2023, el Tribunal de Primera Instancia, notificó la determinación que nos ocupa. En dicho dictamen, el foro recurrido declaró *No Ha Lugar* la solicitud de la peticionaria. Ello, bajo el fundamento de que la vista se había celebrado con la prueba obtenida hasta el momento.

De otra parte, el 8 de noviembre de 2023, el recurrido reaccionó a las sanciones impuestas por el tribunal primario. Ello, mediante un escrito denominado "*Moción Que Pide Reconsideración Al Amparo De La Regla 47 De Las De Procedimiento Civil; Que Pide Determinaciones De Hechos Adicionales y Conclusiones De Derecho y Otros Extremos.*" En lo pertinente, reiteró que el día 28 de julio de 2023 culminó el descubrimiento de prueba para el caso de epígrafe. Agregó, que la solicitud de actualización de la peticionaria se realizó a escasas dos (2) semanas de la vista final de pensión alimentaria. A tono con lo expuesto, solicitó al Tribunal de Primera Instancia que dejase sin efecto las sanciones económicas impuestas.

En atención a la petición del recurrido, el 10 de noviembre de 2023, el foro primario, notificó una determinación por medio de la cual dejó sin efecto las aludidas sanciones. Posteriormente, e inconforme con el dictamen notificado el 3 de noviembre de 2023, la peticionaria, presentó el 16 de noviembre de 2023 una *Moción Solicitando Reconsideración*. Dicha solicitud fue declarada *No Ha Lugar* por el foro a quo en fecha del 27 de noviembre de 2023.

Aun inconforme, el 4 de diciembre de 2023, la peticionaria, compareció ante este Tribunal mediante el presente auto de *certiorari*. En su escrito señaló los siguientes errores:

A. Erró el Tribunal de Primera Instancia al dejar sin efecto la Orden a la parte demandante de radicar la Planilla de Información Personal y Económica (PIPE) y ordenar la celebración de la vista sin la presentación de los documentos solicitados.

B. Erró el Tribunal de Primera Instancia al dejar sin efecto la sanción económica en contra de la parte demandante por incumplir en más de una ocasión con la orden de presentar la de la Planilla de Información Personal y Económica (PIPE) y los estados o informes bancarios solicitados y al no encontrar incurso en desacato a la parte demandante por su reiterado incumplimiento a las Órdenes del Tribunal.

**II.**

**A. Certiorari**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera Gómez v. Arcos Dorados Puerto Rico,* 2023 TSPR 65, 212 DPR ____; *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de

instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

De igual modo, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de certiorari. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico, supra*. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Íd.*; *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra,* dispone los siguientes criterios:

> **A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> **B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> **C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> **D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> **E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> **F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G**. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Id.* pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Id.*; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Id.*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *Id.* pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de certiorari y ejercer nuestra función revisora.

**III.**

En esencia, la peticionaria sostiene que incidió el foro recurrido al dejar sin efecto las sanciones económicas impuestas al recurrido; al no requerirle la radicación de la PIPE; y al no encontrar al recurrido incurso en desacato por los argüidos incumplimientos.

Es preciso destacar, que nos dimos a la tarea de solicitarle al Tribunal de Primera Instancia los autos originales del presente caso. Ello, dado que, la peticionaria no incluyó junto a su recurso la documentación pertinente que nos ayudara en nuestro proceso de revisión.

Tras evaluar los referidos autos de forma minuciosa y en su totalidad, determinamos que no existen razones para intervenir con la determinación del foro recurrido. Entendemos que el Tribunal de Primera Instancia actuó acorde a la sana discreción que le corresponde en esta etapa de los procedimientos. Asimismo, no vemos que el foro primario al ejercer sus facultades adjudicativas haya cometido perjuicio, parcialidad o error manifiesto. De igual modo, su decisión no trastoca los limites de una sana discreción ni constituye algún error de derecho. Ante ello, y cónsono con la sabia discreción que debemos ejercer al expedir un recurso de *certiorari*, determinamos denegar el presente auto.

**IV.**

Por los fundamentos esbozados, denegamos el presente recurso al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Se ordena la devolución de los autos originales al foro de instancia.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
